# ORDER IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| McKEISHA CLAYPOLE, Personal representative of the Estate of Johnny Johnson, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. CIV-17-1144-R ) |
| GEICO CASUALTY COMPANY, | ) ) |
| Defendant. | ) |

## ORDER

Defendant Geico Casualty Company seeks dismissal of Plaintiff's breach of contract and bad faith claims. (Doc. No. 6). Plaintiff responded in opposition to the motion (Doc. No. 14) and Defendant filed a reply in support of its position (Doc. No. 15). Having considered the parties' submissions, the Court finds as follows.

The Estate initiated this action in the District Court of Grant County, Oklahoma, alleging Defendant breached its contract of insurance by failing to provide coverage for a damaged trailer. Plaintiff alleges that Mr. Johnson purchased a Jayco travel trailer from Camperland of Oklahoma LLC on October 19, 2016. As part of the transaction, an "Insurance Verification" was completed that indicated the trailer was covered via binder by Defendant. Plaintiff pleads upon information and belief that the binder was obtained via a telephone call between Mr. Johnson and Defendant. Plaintiff also pleads that Mr. Johnson had coverage on other vehicles through Geico. The trailer was damaged that same day in a collision, and Mr. Johnson died shortly thereafter. Plaintiff alleges Defendant, despite

having been advised of the loss, improperly refused coverage and acted in bad faith. Defendant seeks dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting that Plaintiff has failed to state a claim for either breach of contract or bad faith.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

In assessing a motion to dismiss under Rule 12(b)(6), the general rule is that a court should consider no evidence beyond the pleadings. *See Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1216 (10th Cir. 2007). "If, on a motion under Rule 12(b)(6)..., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, "the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Alvarado*, 493 F.3d at 1216 (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)). In addition, "facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment." *Tal v. Hogan*, 453 F.3d 1244, 1264 n. 24 (10th Cir. 2006).[1]

---

[1] The Court may "take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001). Public record, however, does not mean all publicly available information,

Defendant relies on documents outside the pleadings in support of the instant motion. Defendant cites to and provides an insurance policy it issued to Mr. Johnson and contends that, pursuant to the terms thereof, the trailer at issue was not covered under the policy because, although certain trailers are covered under the Policy, this one was not, as it was a "trailer with built-in sleeping facilities designed for recreational or camping use" Doc. No. 6, Ex. 1. Defendant next cites to the Petition for Collection of Indebtedness that Camperland, the seller of the trailer, filed in the probate action. The allegations in that action indicate that according to Camperland, the trailer purchased by Mr. Johnson was a Jayco Octane T26Y Fifth Wheel trailer. Defendant then cites to the Jayco website and the information contained therein, all in an effort to establish that the model purchased by Mr. Johnson was a "trailer with built-in sleeping facilities designed for recreational or camping use." Defendant's argument is untenable under the motion to dismiss standard set forth above because, although the insurance policy is admissible, the petition filed by Camperland contains allegations of fact, not facts of which the Court may take judicial notice. Furthermore, the information cited by Defendant as obtained from the Jayco website is evidentiary material from outside the pleadings, even if Defendant did not attach a copy of the information to its motion.[2] The Court finds that Plaintiff has alleged sufficient facts to support her contention that Defendant breached the contract of insurance, and thus dismissal of Plaintiff's breach of contract claim would be inappropriate.

---

[2] In its Reply brief Defendant included an illustration from the Jayco website, asserting that the interior establishes conclusively that there is no coverage for this trailer. The Court has not considered this illustration, because it does not fit within the confines of evidentiary material that can be considered without converting the instant motion to dismiss to a motion for summary judgment.

Defendant next argues that Plaintiff's bad faith claim must be dismissed, first because there is no breach of contract claim. Having rejected Defendant's first argument in support of dismissal, Defendant is not entitled to dismissal of the bad faith claim on the basis that Plaintiff has failed to state a breach of contract claim. Defendant also seeks dismissal of the bad faith claim because the Estate was not a party to the insurance contract, and therefore, cannot recover for bad faith. The Court concludes that the Estate assumes the position of the deceased insured, and accordingly, the Estate may prevail on a bad faith claim. The damages, however, may not include emotional distress and mental anguish as pled. The bad faith claim avoids dismissal.

Defendant next contends that, to the extent Plaintiff seeks to recover under a binder, the claims must be dismissed. Defendant relies in part on an "Insurance Verification" attached to the Petition for Collection of Indebtedness filed by Camperland of Oklahoma, L.L.C. in the probate action in the District Court for Grant County Oklahoma. That certificate is not subject to consideration by the Court at the motion to dismiss stage. Furthermore, Plaintiff does not allege that the certificate is an insurance policy; rather, at ¶ 6 of the Petition, the Estate alleges an oral binder was obtained by the decedent from Defendant over the telephone, which would be consistent with Okla. Stat. tit. 36 § 3622(A). Although Defendant contends that payment of the premium was required before the binder could be considered a contract, serving as consideration, there is no basis at this point in the litigation for concluding that there was a failure of consideration. *See* 1A *Couch on Insurance* § 13:2.

As in the case of ordinary contracts, a contract for temporary insurance by

4

binder must be supported by consideration. A binder, however, need not express any consideration or state the premium; the agreement, actual or implied, to pay the regular premium is sufficient consideration, and the mere existence of a binder will usually suffice to imply an agreement to pay premiums at the customary rates.

*Id.* (footnotes omitted). *See also Russell v. Prudential Property & Casualty Insurance Company,* 866 P.2d 456 (Okla. Civ. App. 1993)("Nothing in [§ 3622(A)] precludes an insurer from making a binder subject to a condition subsequent such as a requirement to complete an application and pay a premium. In fact, such a requirement is both prudent and reasonable."). As a result, the Court finds that, despite Plaintiff's failure to allege payment of a premium on the binder, the Estate has alleged sufficient facts to state a claim. Although discovery may bear out that there was no binder, or that GEICO Casualty had no involvement in the transaction whatsoever, the factual allegations are sufficient to avoid the instant motion.

For the reasons set forth herein, Defendant's Motion to Dismiss is DENIED.

IT IS SO ORDERED this 6th day of March 2018.

*[signature: David L. Russell]*

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE