# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

McKEISHA CLAYPOLE,  )
Personal representative of the )
Estate of Johnny Johnson, )
                       )
       Plaintiff,      )
                       )
v.                     )    Case No. CIV-17-1144-R
                       )
GEICO CASUALTY COMPANY, )
                       )
       Defendant.      )

## ORDER

Before the Court is Plaintiff's Motion to Remand and Abstain (Doc. No. 8), to which Defendant filed a response (Doc. No. 16). Having considered the parties' submissions, the Court finds as follows.

Plaintiff filed this action alleging breach of contract and bad faith with regard to Defendant's refusal to tender payment on a trailer owned, operated, and wrecked by Johnny Johnson in October 2016. Plaintiff originally sought relief via a third-party complaint filed in a probate action. Upon Geico Casualty's Motion to Dismiss for lack of jurisdiction, Plaintiff voluntarily dismissed the third-party complaint and instituted a separate action. Geico removed the separate action from the District Court of Grant County, Oklahoma. Plaintiff concedes that the Court has diversity jurisdiction but asserts it should abstain from consideration of the issues herein. Citing *Colorado River Water Conservation District v. United States*, 242 U.S. 800 (1976), Plaintiff argues that remand is appropriate because there are concurrent state court proceedings that can resolve the issue of Defendant's

contractual liability with regard to the damaged trailer and the policy allegedly issued by Defendant that Plaintiff contends provides insurance. Doc. No. 8, p. 3.

> [U]nder *Colorado River*, a district court may dismiss a federal suit in favor of a pending state proceeding for "reasons of wise judicial administration" such as "conservation of judicial resources and comprehensive disposition of litigation." *Colorado River*, 424 U.S. at 817–18. Because the federal courts have a "virtually unflagging obligation ... to exercise the jurisdiction given them," dismissing a case under Colorado River is appropriate only in "exceptional" circumstances. *Fox v. Maulding*, 16 F.3d 1079, 1081 (10th Cir. 1994) (quoting *Colorado River*, 424 U.S. at 817–18); *see also Rienhardt v. Kelly*, 164 F.3d 1296, 1303 (10th Cir. 1999) ("[B]ecause the Colorado River Doctrine is an exception to our jurisdictional mandate from Congress, the Doctrine may only be used when 'the clearest of justifications ... warrant[s] dismissal.' ") (quoting *Colorado River*, 424 U.S. at 818).

*Phoenix Energy Mktg., Inc. v. Chase Oil Corp.*, 2017 WL 6397492, at *3 (N.D. Okla. Dec. 14, 2017). The first step in the *Colorado River* analysis is determination of whether the proceedings in state and federal court are parallel. *Id.* at *4. "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Id.* (quoting *Fox*, 16 F.3d at 1081 (further quotation omitted)).

Defendant correctly notes that the ongoing probate is not a parallel state court action. The probate claim between the seller of the trailer, Camperland, and the estate involves the estate's liability for payment on the trailer. The decedent purchased the trailer the day before he died and made none of the incremental payments. The suit will not resolve the issue of whether Geico is liable on an insurance policy.[1] The state court litigation will not completely resolve the issues herein, and as a result, it would be an abuse

---

[1] A finding that the estate is not responsible for payments could potentially moot this action, although if the decedent owned the trailer at the time of his death and it was insured, regardless of liability for the debt, the estate could pursue a claim against Geico.

of discretion for the Court to abstain from consideration of this action. *See Fox*, 16 F.3d at 1081.[2]

Plaintiff alternatively advocates for abstention under a theory that removal of this breach of contract and bad faith action by Defendant somehow transfigured this action into a declaratory judgment action, and the Court can decide whether to exercise its discretion in a declaratory judgment action. (Doc. No. 8, p. 6-8). Plaintiff filed this action seeking damages, not a declaratory judgment. Defendant's decision to exercise its right to remove the action to federal court did not alter the substance of this case. Therefore, Plaintiff's reliance on cases that permit the Court to decline to exercise jurisdiction over a declaratory judgment are inapplicable herein.

Plaintiff's Motion to Remand and Abstain is DENIED.

IT IS SO ORDERED this 6th day of March 2018.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff argues that this case should be remanded and consolidated, thereby creating parallel proceedings. The Court interprets the parallel proceedings requirement as mandating the current pendency of parallel state court litigation, not the potential to supplant this action with a state case via remand.